1

2

3

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 25, 2024

SEAN F. McAVOY, CLERK

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

5

6

JAMES H.,[1]

No.    1:23-cv-05178-EFS

7

Plaintiff,

8

v.

**ORDER REVERSING THE ALJ'S DENIAL OF BENEFITS, AND REMANDING FOR PAYMENT OF BENEFITS**

9

MARTIN O'MALLEY, Commissioner of Social Security,

10

11

Defendant.

12

13

Due to attention deficit hyperactivity disorder (ADHD); anxiety; post-

14

traumatic stress disorder (PTSD); depression; anti-social personality disorder;

15

authority issues; institutionalization; substance addiction, methamphetamine

16

dependence; hypertension; hepatitis; migraine headaches; heart failure; obesity;

17

asthma; gastroesophageal reflux disease (GERD); hyperlipidemia; right foot injury

18

and abscess; seizures; sepsis; and pneumonia, Plaintiff James H. claims he is

19

20

[1] To address privacy concerns, the Court refers to Plaintiff by first name and last

21

initial or as "Plaintiff." *See* LCivR 5.2(c).

22

ORDER RULING ON CROSS MOTIONS TO REMAND - 1

23

unable to work fulltime and applied for social-security benefits and supplemental security income benefits. He appealed the denial of benefits by the Administrative Law Judge (ALJ) on the grounds that the ALJ improperly evaluated the medical opinion evidence and committed many of the same errors for which the court remanded in its prior order, failed to conduct an adequate analysis at step three, erred in his analysis of the credibility of Plaintiff's subjective complaints, and failed to meet his burden at step five.  As is explained below, the ALJ erred. This matter is remanded for payment of benefits.

## I.    Background

This case has a long history and is before the Court on review for the third time, having been remanded once before on the Order of Judge Mary Dimke, and once again by voluntary remand requested by the Commissioner.  The Commissioner requests that judgment be entered in favor of the Commissioner or that the Court remand a second time for further proceedings. Plaintiff requests that the Court remand for calculation of benefits.

Due to his mental and physical impairments, Plaintiff protectively filed for supplemental security income benefits on December 17, 2015, alleging an onset date of December 11, 2015.[2] Plaintiff's claims were denied at initial and

---

[2] AR 191, 230.

ORDER RULING ON CROSS MOTIONS TO REMAND - 2

reconsideration levels, and Plaintiff requested an ALJ hearing.[3] After his first hearing before ALJ Donna Walker on February 2, 2018, ALJ Walker issued an unfavorable decision on March 22, 2018.[4]  Plaintiff requested review by the Appeals Council and on February 17, 2019, the Appeals Council denied review.[5] Plaintiff filed in this court and on May 22, 2020, the case was remanded pursuant to the Order of Judge Mary Dimke.[6] On October 7, 2021, Plaintiff and his attorney appeared before ALJ Walker for a second hearing.[7] On January 5, 2022, ALJ Walker issued an unfavorable decision.[8]  Plaintiff again filed suit in this court and on October 13, 2022, the case was remanded by the court for further proceedings at the request of the Commissioner.[9] On October 5, 2023, Plaintiff and his counsel appeared before ALJ Jesse Shumway and on October 24, 2023, ALJ Shumway issued an unfavorable decision.[10] Plaintiff filed the present action in this court.

---

[3] AR 87, 94, 97.

[4] AR 33--60, 12--32.

[5] AR 1—6.

[6] AR 811--850.

[7] AR 755--772.

[8] AR 728--750.

[9] AR 1345--1350.

[10] AR 1311-1321, 1280-1310.

ORDER RULING ON CROSS MOTIONS TO REMAND - 3

ALJ Shumway found:

- Step one: Plaintiff had not engaged in substantial gainful activity since the alleged onset date of January 11, 2015.

- Step two: Plaintiff had the following medically determinable severe impairments: adjustment disorder with depressed mood and anxiety; generalized anxiety disorder; personality disorder, with anti-social traits; ADHD; PTSD; and substance addiction, methamphetamine dependance.

- Step three: Including substance use, Plaintiff did have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments at Listings 12.04, 12.08, and 12.11.  He also found at step three that if Plaintiff stopped substance use, Plaintiff would not have an impairment or combination of impairments that would meet one of the listed impairments.

- RFC: Plaintiff had the RFC to perform a full range of work at all exertional levels except that:

  [Plaintiff] would be limited to simple, routine tasks; he could have no contact with the public and only occasional, superficial contact with supervisors and coworkers, with no collaborative tasks; and he would need a routine, predictable work environment with clear, employer-set goals and no more than occasional changes.

- Step four: Plaintiff has no past relevant work.

ORDER RULING ON CROSS MOTIONS TO REMAND - 4

- Step five: considering Plaintiff's RFC, age, limited education, and work history, Plaintiff could perform work that existed in significant numbers in the national economy, such as a commercial cleaner (DOT 381.687-014), a laundry worker (DOT 361.685-018), and an automobile detailer (DOT 915.687-034).[11]

Plaintiff now appeals ALJ Shumway's denial of disability and asks for an immediate award of benefits.[12] The Commissioner asks the Court to enter judgment in favor of the Commissioner or, in the alternative, to remand the matter for further administrative proceedings because there are evidentiary conflicts that must be resolved by the ALJ.[13]

## II.    Analysis

### A.    Remand Standard

When a harmful error occurs in the administrative proceeding, remand for further administrative proceedings is the usual course absent rare circumstances.[14]

---

[11] AR 1286--1302.

[12] ECF Nos. 6, 10.

[13] ECF No. 9.

[14] *Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)).

ORDER RULING ON CROSS MOTIONS TO REMAND - 5

Three factors must be satisfied for the court to consider remand for payment of benefits:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.[15]

When these factors are satisfied, the decision whether to remand for benefits or further proceedings is within the court's discretion, as it "is a fact-bound determination that arises in an infinite variety of contexts."[16]

## B.    Medical Opinions: Plaintiff established consequential error.

Plaintiff argues the ALJ erred by rejecting Dr. Marks' disabling opinions; failing to properly account for Dr. Nestler's disabling assessment; and rejecting the opinions of Dr. Colby and Dr. Lewis.  Plaintiff argues that the ALJ erred in rejecting Dr. Marks' opinions using reasoning similar to that already rejected by this Court in its prior order.  The Commissioner argues that the ALJ's consideration of the medical opinions is supported by substantial evidence.

---

.

[16] *Treichler*, 775 F.3d at 1100 (quoting *Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000)).

ORDER RULING ON CROSS MOTIONS TO REMAND - 6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

1.    Standard

When Plaintiff filed his initial disability application, old regulations applied which required that medical opinions be assessed based on the nature of the medical relationship the claimant had with the medical provider. When a treating physician's or evaluating physician's opinion is not contradicted by another physician's opinion, it may be rejected only for "clear and convincing" reasons, and when it is contradicted, it may be rejected for "specific and legitimate reasons" supported by substantial evidence.[17] A reviewing physician's opinion may be rejected for specific and legitimate reasons supported by substantial evidence, and the opinion of an "other" medical source[18] may be rejected for specific and germane reasons supported by substantial evidence.[19]

2.    The ALJ's Findings

The ALJ assessed the medical opinions and found as follows:

---

[17] *Id.*; *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995).

[18] *See* 20 C.F.R. § 416.902 (defining who is an acceptable medical source for claims filed before March 27, 2017).

[19] *Molina*, 674 F.3d at 1111. The opinion of a reviewing physician serves as substantial evidence if it is supported by other independent evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

ORDER RULING ON CROSS MOTIONS TO REMAND - 7

- The opinions of hearing medical expert Ricardo Buitrago, PhD, are entitled to great weight.

- The opinions of hearing medical expert Jay Toews, EdD, are entitled to some weight.

- The opinions of examining source K. Nestler MD, are entitled to great weight.

- The opinions of state agency consultants Rita Flanagan, PhD, and Bruce Eather, PhD, are entitled to some weight.

- The opinions of examining source N.K. Marks, PhD, are entitled to little weight.

- The opinions of Faulder Colby, PhD, are entitled to little weight.

- The opinions of Janis Lewis, PhD, are entitled to little weight.

- The opinions of Jan Kouzes, EdD, are entitled to some weight.

- The opinions of examining source CeCelia Cooper, PhD, are entitled to little weight.

- The opinions of Joseph Poston, APRN, are entitled to little weight.[20]

3.    <u>Dr. Marks and Dr. Nestler</u>

Plaintiff asserts that the case should be remanded for calculation of benefits because the ALJ's evaluation of the opinions of Dr. Marks held some of the same

---

[20] AR 1294--1300.

ORDER RULING ON CROSS MOTIONS TO REMAND - 8

errors as the original decision in the case and that the failure to properly evaluate it violated this court's first remand order of May 22, 2020.[21] It is notable that subsequent to this court's prior Order, which directed the ALJ to further develop the record, two hearings were held and no medical expert was called to testify at either nor was Plaintiff asked to attend a consultative examination.

Dr. Marks evaluated Plaintiff twice. First, in January 2015, Dr. Marks performed a consultative examination of Plaintiff at the request of State of Washington Department of Social and Health Services.[22] Dr. Marks noted that Plaintiff reported that he had been institutionalized most of his adult life.[23] Dr. Marks reviewed four psychiatric reports: one from Dr. Jan Kouzas, one from Dr. Tae-Im Moon, and two from Lyn Smith, LMHC.[24] Dr. Kim's assessments were rendered in February 2009 and December 2009, while Plaintiff was incarcerated.[25] Dr. Marks report included a very thorough and detailed narrative of Plaintiff's diagnostic interview, which included information regarding Plaintiff's psychosocial history, treatment history, education and work history, substance use and chemical

---

[21] ECF No. 6.

[22] AR 297–301.

[23] AR 297.

[24] *Id.*

[25] *Id.*

ORDER RULING ON CROSS MOTIONS TO REMAND - 9

dependency, and activities of daily living.[26] Dr. Marks also performed a mental status examination, and psychological testing and diagnosed Plaintiff with generalized anxiety disorder; unspecified ADHD; adjustment disorder, with mixed disturbance of emotions and conduct; antisocial personality disorder; cannabis abuse in remission; and methamphetamine addiction in remission.[27]  Dr. Marks assessed marked to severe limitations in the following basic work abilities: (1) be aware of normal hazards and take appropriate precautions; (2) maintain appropriate behavior in a work setting; (3) complete a normal work day and work week without interruptions from psychologically based symptoms; (4) set realistic goals and plan independently; (5) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; (6) learn new tasks; (7) perform routine tasks without special supervision; (8) adapt to changes in a routine work setting; (9) make simple work-related decisions; and (10) ask simple questions or request assistance.[28]

---

[26] AR 297—299.

[27] *Id.*

[28] AR 300—301.

ORDER RULING ON CROSS MOTIONS TO REMAND - 10

1

2

3

    In July 2017, Dr. Marks evaluated Plaintiff again, at the request of Washington Department of Social and Health Services.[29] Dr. Marks provided updates to the 2015 report and noted as follows:

4

5

6

7

8

9

> [Plaintiff] was previously seen by this provider in 2015. At that time, [Plaintiff] asserted that he was unable to work due to severe ADHD. He reported he gets extremely sidetracked and procrastinates. He has very poor time management. He reports that he has an extremely long attention span. He experiences extreme anxiety. He believes that he is institutionalized from spending most of his adult life in prison. Today (07/17), he asserts the same conditions affect him. He was tearful, frustrated and hopeless today. He has very poor self-management skills. He believes his previous lifestyle was traumatizing and his trying to resolve it.[30]

10

11

12

13

14

15

16

    Dr. Marks again performed a mental status examination and noted that Plaintiff's speech was well-organized and progressive but that he has a short attention span and is not a good listener; that Plaintiff's attitude was cooperative and open but that he was hopeless, although he denied suicidal ideations; his mood was depressed and anxious; and his affect was agitated.[31] He noted that Plaintiff's insight and judgment were improving but were colored by institutionalization and a past history of criminal behavior.[32] Dr. Marks noted that Plaintiff reported that

17

18

19

20

21

22

23

--------------------

[29] AR 383—389.

[30] AR 383.

[31] AR 388.

[32] AR 389.

ORDER RULING ON CROSS MOTIONS TO REMAND - 11

he did well when in prison, but when released as no self-management skills, becomes anxious and makes poor decisions.[33] With regard to depression, Dr. Marks stated that depression was manifest through multiple statements and a very negative self-appraisal and that Plaintiff is a poor prospect for work until his depression is treated.[34] Dr. Marks stated that with regard to adjustment disorder, Plaintiff has few coping skills, and cannot problem solve, and that he was depressed, anxious, and frustrated at his inability to self-manage himself.[35] Dr. Marks diagnosed generalized anxiety disorder; attention-deficit, hyperactivity disorder; adjustment disorder, with mixed disturbance of emotions and conduct; and antisocial personality disorder.[36] Dr. Marks' assessment of functional limitations was unchanged from the prior assessment.[37]

The ALJ articulated four reasons for finding the opinions of Dr. Marks entitled to little weight.[38]  He found that Dr. Marks' opinions were not supported by his own examination findings or significant record review; that Dr. Marks'

---

[33] AR 385.

[34] AR 385.

[35] Id.

[36] AR 386.

[37] AR 386--387.

[38] AR 1297--1299.

ORDER RULING ON CROSS MOTIONS TO REMAND - 12

opinions were rendered on checkbox forms with no meaningful explanation for each rating; that Dr. Marks did not review medical records from the period that Plaintiff was in jail that show intact functioning during imprisonment; and that Dr. Marks relied only on Plaintiff's self-reported symptoms and not on his own objective findings.  The Court will address each of the reasons articulated by the ALJ:

     a.    *Dr. Marks' examination findings did not support his opined limitations.*

Plaintiff argues that the ALJ erred in his reasoning that Dr. Marks' opinions were not supported by his examination findings, pointing out that the Court ruled in its prior order that such reasoning was not supported by the record.[39] In his brief, the Commissioner failed to address Plaintiff's argument that the ALJ's decision violates the law of the case and instead pointed to those findings in Dr. Marks' examination it alleged to be inconsistent with the opinions.[40]

In her May 22, 2020 Order, Judge Dimke stated the following:

> The ALJ discounted Dr. Marks' opinions because "neither evaluation contains the mental status abnormality necessary to support" the opinions. Tr. 25. Although the mental status examinations contain largely findings "within normal limits," Dr. Marks' opinions are replete with detailed descriptions supporting the primary symptoms which are consistent with the problems Plaintiff faces in everyday life because of his impairments and difficulties coping with adjustment to life outside the structured environment of incarceration.  In January 2015, the

---

[39] ECF No. 6, 10.

[40] ECF No. 9.

clinical findings included that Plaintiff has "an extremely high level of anxiety" and is "somewhat socially phobic", and has nervousness, poor focus, poor effort, poor concentration, a high level of avoidance, poor self-esteem, depressed outlook, and difficulties with focus, distractibility and impulsivity.  His mood was "very anxious" and "fearful of relapse" and his affect was "nervous and sad."  In July 2017, Dr. Marks noted Plaintiff has "a short attention span" and "isn't a good listener"; "feels hopeless about life"; has a depressed and anxious mood with agitated affect; and concentration deficits not within normal limits, noting he was distractible, off-task and struggled to maintain focus. Accordingly, substantial evidence does not support the ALJ's finding that suggesting there are no "mental status abnormalities" which would support the assessed marked limitations in work capabilities.[41]

Notably, the ALJ's articulated reasoning in the case at bar mirrored that of the ALJ whose reasoning was considered by Judge Dimke.  Because the Commissioner failed to obtain either an additional consultative examination or additional medical expert testimony, the Court considered Dr. Marks' opinions based upon the same medical record as that presented to Judge Dimke.  The Court finds that for that reason, Plaintiff is correct that the ALJ's finding as to this issue violates the law of the case.

   b. *Dr. Marks' opinion was rendered on a check-box form with no meaningful explanation*

The ALJ mischaracterizes the form on which Dr. Marks rendered his opinion by calling it a "check-box form."  While it is true that the form has some sections

---

[41] AR 841—842.

which are in check-box form the bulk of the form provides for narrative statements and the narrative statements provided by Dr. Marks on the form are thorough and detailed.  Generally, when referring to a "check-box form," the Court considers a form which is skeletal in nature, with primarily check-boxes to be completed and at times accompanied by one or two written or typed narrative sentences.  The form in question in no way resembles such a form – it instead is lengthy, detailed, and provides more information than any other opinion in the record, including the testimony of Dr. Buitrago and Dr. Toews.  As Judge Dimke pointed out, the report is "replete with detailed descriptions supporting the primary symptoms."

The Count concludes that substantial evidence does not support the ALJ's finding that Dr. Marks' opinions were rendered on a simple "check-box form."

> c.    *Dr. Marks did not consider that Plaintiff's functioning improved while he was incarcerated*

The ALJ errs in two regards in finding that Dr. Marks did not consider that Plaintiff's functioning improved while he was in prison.  The ALJ stated that Dr. Marks had not been able to review any of Plaintiff records from jail, which he stated were "highly probative of Plaintiff's functioning without drugs and alcohol."[42] But the ALJ errs in this assertion first because Dr. Marks did in fact review two separate psychological assessments performed by Lyn Smith, LMHC,

---

[42] AR 1297.

during the time that Plaintiff was incarcerated and was well-advised of Plaintiff's mental functioning during his incarceration.[43]

Moreover, the ALJ errs in assuming that Plaintiff's improved functioning while in prison is a de facto finding that he is capable of functioning when not abusing substances. That reasoning fails to consider both that Dr. Marks opined that at the time of each of his assessments, Plaintiff was in remission.[44] More importantly, it fails to consider that Dr. Marks attributed Plaintiff's difficulty in functioning outside of incarceration not due to substance abuse but because he had been institutionalized and lacked the ability to self-manage himself.[45]

In the prior order of this court, Judge Dimke stated:

Limitations associated with an adjustment disorder were assessed on four separate occasions in psychological evaluations, which were conducted by Dr. Marks both in January 2015 and July 2017, Dr. Nestler in March 2016, and Dr. Cooper in 2010. (Dr. Marks' description of Plaintiff's adjustment disorder symptoms as his "difficult time adjusting to life outside prison" as he has "few coping skills" and "doesn't know where to start with normal problem-solving skills.") . . . None of the above-referenced medical evidence support the ALJ's finding that anxiety and adjustment disorders would not exist and would not be severe absent substance abuse, nor do they establish Plaintiff would be disabled in the absence of DAA.[46]

---

[43] AR 297, 383.

[44] AR 299, 386.

[45] AR 297, 383, 389.

[46] AR 837.

Accordingly, the Court finds that the ALJ's reasoning that Dr. Marks did not properly consider that Plaintiff's functioning improved during incarceration is not supported by substantial evidence and was not good reason to assign Dr. Marks' opinions little weight.

                d.     *Dr. Marks relied on Plaintiff's self-reports rather than objective findings*

As is noted in the Court's analysis above, Dr. Marks' examination findings contained a number of objective findings.  By reference, the Court incorporates those findings and concludes that Dr. Marks did not rely solely upon subjective complaints.  Accordingly, the Court finds the ALJ's reasoning is not supported by substantial evidence.

                e.     *Dr. Nestler's opinions*

Because the Court has determined that the ALJ erred in his consideration of Dr. Marks's opinions, it will only briefly address the ALJ's consideration of Dr. Nestler's opinions.  Plaintiff alleges that the ALJ erred when considering Dr. Nestler's opinions.

The ALJ acknowledged that Dr. Nestler opined that Plaintiff might have difficulty in accepting instructions, interacting with others, performing work activities consistently without additional instructions, maintaining attendance, completing work activities without interruption, and dealing with the usual stress

in the workplace.[47]  The ALJ reasoned however that because Dr. Nestler opined that Plaintiff "may" have those limitations they would be mild or moderate in nature.[48]

The ALJ's reasoning does not provide any articulation as to the ALJ's logic in reaching the conclusion that Dr. Nestler intended for the limitations to be no more than moderate.  Without articulating a logical bridge between Dr. Nestler's ambiguous opinion regarding limitations and his own conclusion that Dr. Nestler intended for the limitations to be mild or moderate, the Court is unable to adequately review the ALJ's determination.

4.    Dr. Colby and Dr. Lewis

Plaintiff argues that the ALJ erred in failing to consider that reviewing medical sources Faulder Colby, PhD, and Janis Lewis, PhD, reviewed the record and concurred with Dr. Marks' opinions both as to the limitations opined and as to the fact that the limitations would exist in absence of DAA.[49]

The ALJ rejected Dr. Lewis' opinions, articulating that he was doing so because they appeared to have been based upon Dr. Marks' February 2015 and

---

[47] AR 1295—1296, citing AR 338.

[48] AR 338.

[49] ECF NO. 6.

ORDER RULING ON CROSS MOTIONS TO REMAND - 18

July 2017 opinions.[50]  The ALJ then goes on to restate his reasoning as to the little weight assigned to Dr. Marks' opinions.[51] The ALJ fails to articulate his reasoning as to why Dr. Lewis relied solely on Dr. Marks' opinions.  On the face of his report, Dr. Lewis notes that he reviewed the assessments of Dr. Marks, Dr. Nestler, and Dr. Colby.[52]  Moreover, Dr. Lewis indicated that he considered the results of an IQ test and other objective tests administered to Plaintiff which indicated an anxiety rating of 4, a concentration deficit of 4, an institutionalization rating of 5, and a level of difficulty with authority figures rated at 4. [53]

The ALJ's reasoning is flawed both because he failed to articulate how Dr. Lewis' report was based "primarily" on Dr. Marks' report and because this Court has concluded that the ALJ did not provide good reasons to discount Dr. Marks' opinions.

5.    Conclusion

In summary, the ALJ failed to provide good reasons for discounting the opinions of Dr. Marks.  Moreover, Dr. Marks' opinions, if credited would establish disability.

---

[50] AR 1298—1299.

[51] *Id.*

[52] AR 407.

[53] AR 409.

### III.    Conclusion

Remand for further administrative proceedings is the usual course when a harmful error occurs in the administrative proceeding, except in rare circumstances.[54] This is a rare circumstance where an award of benefits is appropriate.

Here, the older regulations apply with regard to the evaluation of medical opinions.  The examining sources opined that Plaintiff had limitations, which if credited would be disabling and that those limitations would exist in absence of DAA.  Although there was testimony from a reviewing medical expert that the disabling limitations would not exist in absence of DAA, the ALJ failed to articulate good reasons for failing to credit the opinions of the examining source that DAA was not at issue.

The case has been remanded twice with the direction that the record be developed as to this issue and the Commissioner has failed to do so at two hearings.  There is thus no reason for the Court to conclude that remanding this case, which was originally filed nine years ago in 2015, would result in further development of the record.

An award of benefits is warranted.

---

[54] *Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)).

ORDER RULING ON CROSS MOTIONS TO REMAND - 20

Accordingly, **IT IS HEREBY ORDERED**:

1.    The ALJ's non-disability decision is **REVERSED**, and this matter is **REMANDED** to the Commissioner of Social Security for a calculation of benefits pursuant to sentence four of 42 U.S.C. § 405(g).

2.    The Clerk's Office shall **TERM** the parties' briefs, **ECF Nos. 6 and 9,** enter **JUDGMENT** in favor of **Plaintiff**, and **CLOSE** the case.

IT IS SO ORDERED.  The Clerk's Office is directed to file this order and provide copies to all counsel.

**DATED** this  25th day of July 2024

_____

EDWARD F. SHEA
Senior United States District Judge

ORDER RULING ON CROSS MOTIONS TO REMAND - 21